UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Joe Lucero,

    Petitioner,

 vs.       REPORT AND RECOMMENDATION

Ricardo Rios, Local Director/Warden,

     Respondent.  Civ. No. 08-4981 (ADM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Joe Lucero ("Lucero") for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules
(continued...)

II. <u>Factual and Procedural Background</u>

Lucero is an inmate at the Federal Correctional Institution, in Waseca, Minnesota ("FCI-Waseca"). He is serving a Federal prison sentence that was imposed, on July 21, 2003, by the United States District Court for the District of New Mexico. According to a website maintained by the Federal Bureau of Prisons ("BOP"), Lucero is scheduled to be released from custody on August 2, 2009.[2]

Lucero is not presently challenging the validity of the conviction, or sentence, for which he is currently incarcerated. Instead, he is claiming that he was wrongly deprived of fifty-five (55) days of Good Time Credit ("GTC"), as a result of a prison disciplinary proceeding. Lucero argues that the disciplinary proceeding violated the Federal Constitution's "Bill of Attainder" clause, and that the outcome of the proceeding -- namely the loss of his GTC -- must be vacated.

---

[1](...continued)
Governing Section 2254 Cases are most directly applicable to Habeas Petitions filed by State prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to Habeas Petitions filed pursuant to Title 28 U.S.C. §2241. See, <u>Rule 1(b) of The Rules Governing Section 2254 Cases</u>; see also, <u>Mickelson v. United States</u>, 2002 WL 31045849 at *2 (D. Minn., September 10, 2002), citing <u>Rothstein v. Pavlick</u>, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990), and <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270 n. 1 (9th Cir. 1989).

[2]The BOP's official website is available online at http://www.bop.gov.

Lucero also claims that certain "US Mail stamps," which are valued at $619.04, were taken from him, apparently by BOP officials, without due process or "Just Compensation," in violation of the Fifth Amendment.  See, <u>Petition</u>, <u>Docket No. 1</u>, at p. 3, §9.   He has not provided any factual allegations, however, nor any legal argument, in support of that claim.

We find that all of Lucero's Habeas claims must be summarily rejected for reasons we now detail.

## III.  <u>Discussion</u>

A.  <u>Lucero's Bill of Attainder Claim</u>.  Lucero describes his first ground for relief as follows:

> By taking away statutory good time (both vested and non-vested)[Title 18 USC §3624(b)(1)] the Respondents through an executive court usurps judicial authority of Article III in the US Constitution, and their Court is a prohibited Bill of Attainder.

<u>Petition</u>, supra at p. 3, §9.

The argument is further explained, in Lucero's memorandum, as follows:

> The criminal bench trial, without a right to a jury, and held by the executive branch using a prison guard as the sole judge, who imposed or sentenced the Petitioner to extra jail time of 55 days of punishment, is a "clear" prohibited Bill of Attainder.

<u>Petitioner's Memorandum of Law</u>, <u>Docket No. 1</u>, at p. 2.

- 3 -

We conclude that Lucero's Bill of Attainder argument is wholly without merit.  The

Bill of Attainder clause states that "[n]o Bill of Attainder or ex post fact law shall be

passed."  United States Constitution, Art. I, §9, cl. 3.[3]  The clause is a part of Article

I of the Constitution, which establishes, and limits, the authority of the Legislative

Branch of the Federal Government.

Indeed, a Bill of Attainder is, by definition, "a bill" -- in other words, a

**legislative** instrument.  "Bills of attainder are 'legislative acts, no matter what their

form, that apply either to named individuals or to easily ascertainable members of a

group in such a way as to inflict punishment on them without a judicial trial.'"

Risenhoover v. Washington County Community Services, 545 F. Supp.2d 885, 891

(D. Minn. 2008), quoting Citizens for Equal Protection v. Bruning, 455 F.3d 859, 869

(8th Cir. 2006), quoting, in turn, United States v. Lovett, 328 U.S. 303, 315 (1946); see

also, Black's Law Dictionary (8th ed. 2004)(defining a bill of attainder as "[a] special

**legislative act** prescribing punishment, without a trial, for a specific person or

group.")[emphasis added].   In addition, the United States Supreme Court has

described a Bill of Attainder as "a law that legislatively determines guilt and inflicts

---

[3]The Constitution also refers to Bills of Attainder in Article I, Section 10, clause
1, but that clause is inapposite here, because it applies to the States, and not the
Federal Government.

punishment upon an identifiable individual without provision of the protections of a judicial trial." Nixon v. Administrator of General Services, 433 U.S. 425, 468 (1977).

Thus, the fundamental premise of the Petitioner's first ground for relief -- that the Constitution's Bill of Attainder clause limits the authority of the **Executive** Branch of Government, including the BOP -- is simply wrong. The Bill of Attainder clause impacts upon the authority of Congress, and does not prevent the BOP from conducting disciplinary proceedings, and imposing sanctions on prisoners who are found to have violated prison regulations. See, Kokoski v. Small, 2008 WL 3200811 at *5 (S.D.W.Va. 2008)("It is clear that the incident reports lodged against [a Federal prisoner] are not 'bills of attainder.'").

Since the Bill of Attainder clause has no bearing on prison disciplinary proceedings, we reject the Petitioner's first ground for relief as entirely without merit.

B.    Lucero's Due Process and Just Compensation Claims. In Grounds 2 and 3 of the Petition, Lucero claims that he was deprived of stamps valued at $619.04, without due process, and without just compensation. However, those claims cannot be entertained in a Habeas proceeding, because the relief that he is seeking is not available under Habeas Corpus.

The Federal Habeas Corpus statutes provide a remedy only for prisoners who are challenging **the fact or duration** of their confinement.  See,  Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). As our Court of Appeals has clearly and succinctly explained:

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. * * * Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) [citations omitted].

Here, it is readily apparent that, in Grounds 2 and 3, Lucero is not challenging the validity of his conviction or sentence, nor is he otherwise challenging the duration of his confinement.   Therefore, the remedy provided by the Federal Habeas Corpus statutes is simply not available to him.   Since Grounds 2 and 3 challenge the **conditions** of his confinement, rather than the **fact or duration** of his confinement, Lucero's claims cannot be entertained in an action under Title 28 U.S.C. §2241, or any other Habeas Corpus statute.

Lastly, we note Lucero's representation that he has exhausted his BOP administrative remedies for **all** of the claims presented here.  See, <u>Petition</u>, supra at p. 5, §17.  However, the documentation from Lucero's BOP administrative proceedings, which is attached to his Petition, makes no mention of the constitutional arguments which are advanced in Grounds 2 and 3 of the Petition.  Since we are unable to determine if Lucero has exhausted his administrative remedies, with respect to Grounds 2 and 3, we decline to recommend that the Habeas Petition be converted to a Civil Complaint.

In addition, we note that Lucero's current Petition does not satisfy the elemental pleading requirements for a Civil Complaint, which are set forth in Rules 8 through 11, Federal Rules of Civil Procedure.  Most notably, Lucero has not presented the factual **and legal** grounds for his claims in a "simple, concise and direct" manner, and in separate numbered paragraphs, as required by Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure.  Furthermore, the current Petition sets forth only a conclusory assertion that Lucero's stamps were taken away, as he has not described any **specific** acts or omissions which, if proven true, would entitle him to legal redress.

Moreover, the currently named Respondent, Ricardo Rios, is the Warden of FCI-Waseca.  If this were a true Habeas Corpus case, then the Warden would be the

proper party to be named as "Respondent." However, from Lucero's current pleading, it is not clear who might be responsible for any allegedly unconstitutional deprivation of property. Simply put, it is impossible to know **who**, specifically, Lucero might be attempting to sue in a non-Habeas civil action. Therefore, for these additional reasons, the current Petition cannot serve as a non-Habeas civil Complaint. Nonetheless, we recommend that Grounds 2 and 3 of the Petition be dismissed **without** prejudice, so that Lucero can later file a civil Complaint, should he so elect.[4]

In sum, finding no merit to any of Lucero's claims for Habeas relief, we recommend that the Petition be summarily dismissed pursuant to Rule 4 of the Governing Rules.

---

[4]If Lucero elects to file a civil Complaint, he will have to follow the pleading requirements set forth in Rules 8 through 11, Federal Rules of Civil Procedure, and he will have to submit his pleading on the Complaint form prescribed for prisoner civil rights actions that are filed in this District. See, Local Rule 9.3, Local Rules of the United States District Court for the District of Minnesota. Lucero will also be required to pay the statutory filing fee for a non-Habeas civil action, which is $350.00, either in a single sum, or in installments, if he is eligible to proceed in forma pauperis ("IFP"), pursuant to Title 28 U.S.C. §1915(b). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998)("The purpose of the Prison Litigation Reform Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Lastly, Lucero should note that, if he does file a civil Complaint, that pleading will be screened pursuant to Title 28 U.S.C. §1915A. If the Court finds that the Complaint fails to state a claim on which relief can be granted, then the case will be summarily dismissed pursuant to Section 1915A(b)(1).

NOW, THEREFORE, It is --

RECOMMENDED:

1.      That Ground 1 of the Petition for a Writ of Habeas Corpus [Docket No. 1] be dismissed with prejudice.

2.      That Grounds 2 and 3 of the Petition for a Writ of Habeas Corpus [Docket No. 1] be dismissed, but without prejudice.

Dated: September 29, 2008                    *s/Raymond L. Erickson*
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE  JUDGE

# N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 17, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 17, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.